**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-5013**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

VICTOR MANUAL GARCIA,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. James A. Beaty, Jr., Chief District Judge. (1:06-cr-00068-JAB)

_____

Submitted: May 4, 2007                Decided: July 10, 2007

_____

Before GREGORY, SHEDD, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, III, Federal Public Defender, William C. Ingram, Jr., First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Kearns Davis, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Victor Manual Garcia appeals his sentence of 168 months in prison and five years of supervised release after pleading guilty to distributing 58.3 grams of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2000), and possession of a firearm by an illegal alien, in violation of 18 U.S.C. §§ 922(g)(5), 924(a)(2) (2000). Garcia's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious grounds for appeal but raising the issue of whether Garcia's sentence is reasonable. The Government has not filed an answering brief. Garcia was advised of his right to file a pro se supplemental brief but has not done so. We affirm.

We will affirm a sentence imposed by the district court as long as it is within the statutorily prescribed range and is reasonable. United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). A sentence may be unreasonable for both substantive and procedural reasons. United States v. Moreland, 437 F.3d 424, 434 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). An error of law or fact can render a sentence unreasonable. United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). In sentencing a defendant, the district court must: (1) properly calculate the guideline range; (2) determine whether a sentence within that range serves the factors under 18 U.S.C. § 3553(a)

(2000); (3) implement mandatory statutory limitations; and (4) explain its reasons for selecting a sentence, especially a sentence outside the range. Id. at 455-56. A sentence within a properly calculated range is presumptively reasonable. Id. at 457.

We have reviewed the record and conclude that Garcia's sentence is reasonable. The district court sentenced Garcia to the low end of a properly calculated advisory guideline range. In calculating the range, Garcia received a three-level reduction in offense level based on his acceptance of responsibility. He did not object to the presentence report or guideline calculations but urged the court to sentence him at the low end or below the advisory guideline range. He contended his early cooperation and admissions regarding drug quantities were used against him to determine his base offense level and thus enhance his sentence. Further, while conceding his criminal history was properly scored, Garcia asserted he did not know he was on probation when committing the instant offense because he received a suspended state sentence.

In sentencing him to the low end of his advisory guideline range, the district court noted it took into account Garcia's arguments regarding the nature of the offense and his history and characteristics. The court considered Garcia's early admission of guilt but found it did not provide an appropriate basis for a variance sentence in this case. The court noted a sentence within the advisory guideline range met the objectives of

deterrence and punishment, and the court reasonably concluded a sentence at the low end of the range was sufficient to meet the sentencing objectives under 18 U.S.C. § 3553(a) but not greater than necessary to do so.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>